IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> $218,011.00 IN UNITED STATES CURRENCY, <br><br> Defendant. | Civil Action No. 24-929 |

## VERIFIED COMPLAINT FOR FORFEITURE

AND NOW comes the United States of America, by and through its counsel, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and April L. Cressler, Assistant United States Attorney for the Western District, and respectfully represents as follows:

1. Plaintiff, the United States of America, brings this civil action *in rem* for forfeiture to the United States of $218,011.00 in United States currency, further described at asset identification number 24-DEA-708964, (the "Defendant Property") pursuant to 21 U.S.C. § 881(a)(6).

2. Jurisdiction is predicated upon 28 U.S.C. § 1345 and § 1355(a). Venue is proper under 28 U.S.C. § 1395 and § 1355(b).

3. On January 15, 2024, security staff of the Westin Hotel, Pittsburgh, notified Pittsburgh Bureau of Police ("PBP") of a drug complaint at the hotel. A housekeeper who had been performing daily cleaning services in the room leased by Brandon Chinke reported an overwhelming odor of marijuana inside the room. When PBP detectives arrived, hotel management relayed that Brandon Chinke remained in his room since he had been granted a late checkout.

4.      PBP detectives were escorted by hotel security to Brandon Chinke's room, where detectives knocked, identified themselves and explained why they had been contacted.  During the conversation, detectives could smell an overwhelming odor of fresh marijuana and saw a large sum of bundled currency on the hotel room floor.  At that point, detectives detained Brandon Chinke and the other male in the room identified as Brian Chinke.  Brandon Chinke and Brian Chinke reside together in View Park, California, within Los Angeles County.

5.      During a protective sweep of the hotel room, detectives saw evidence of drug activity and obtained a state search warrant that was executed later that afternoon.  Pursuant to the warrant, task force officers of the Drug Enforcement Administration (the "DEA") were present and seized the Defendant Property, which remains in the Western District of Pennsylvania in the custody of the United States Marshals Service.

6.      PBP detectives also seized the following evidence from Brandon Chinke's room: owe sheets, an empty plastic bag with white residue, an empty vacuum seal bag, a bag of marijuana, and small black rubber bands, all indicative of packaging and selling illegal drugs.

7.      During questioning, it was determined that Brian Chinke had leased a room at the Fairfield Inn.  After PBP detectives notified Fairfield Inn security of what they found in Brandon Chinke's room at the Westin Hotel, security escorted them to Brian Chinke's room, where detectives saw large open vacuum seal bags and a duffle bag that appeared to be full, from which the odor of fresh marijuana was emanating.  Detectives then obtained a state search warrant for Brian Chinke's room.  Pursuant to the evidence, PBP detectives and the DEA determined that marijuana had been transported in vacuum seal bags inside the duffle bag in an attempt to conceal the illegal drugs.  They further concluded from the evidence that Brandon Chinke and Brian Chinke had conspired to sell marijuana from their hotel rooms.

8. Subsequent to the seizure, the DEA instituted administrative forfeiture proceedings against the Defendant Property. Brandon Chinke filed a claim to the Defendant Property as part of the administrative proceedings. As a result, the United States has instituted this civil forfeiture action against the Defendant Property.

9. Following the arrests of Brandon Chinke and Brian Chinke, both defendants later entered guilty pleas in the Allegheny County Court of Common Pleas to prohibited possession of a controlled substance by an unregistered person.

10. The investigation revealed that the Defendant Property represents proceeds generated from the illegal distribution of marijuana in violation of 21 U.S.C. § 841, and, therefore, is forfeitable to the United States pursuant to 21 U.S. C. § 881(a)(6).

11. By reason of the foregoing, and under the provisions of 21 U.S.C. § 881(a)(6), the Defendant Property is forfeitable to the United States.

WHEREFORE, the United States of America respectfully requests that Judgment of Forfeiture be entered in favor of the United States for the Defendant Property; and that the United States be granted such relief as this Honorable Court may deem just and proper, together with the costs and disbursements of this Action.

        Respectfully submitted,

        ERIC G. OLSHAN
        United States Attorney

        */s/ April L. Cressler*
        APRIL L. CRESSLER
        Assistant U.S. Attorney
        Joseph F. Weis, Jr. U.S. Courthouse
        700 Grant Street, Suite 4000
        Pittsburgh, PA 15219
        (412) 894-7451
        (412) 644-6995 (fax)
        april.cressler@usdoj.gov
        PA ID No. 308353 (AFF)

## VERIFICATION

I am a Task Force Officer of the Drug Enforcement Administration, Department of Justice, and the case agent assigned to this case.

I have read the contents of the foregoing complaint for forfeiture and the statements contained therein are true and correct to the best of my knowledge and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on this 26 day of June, 2024.

WILLIAM C. CHURILLA, Task Force Officer
Drug Enforcement Administration